WILLIAM CUNNINGHAM v. J. B. AMMERMAN.

(No. 2531.)

APPEAL from Eastland County. Opinion by WILLSON, J.

R. B. TRULY, counsel for appellant.

No counsel appeared for appellee.

§ **352.** *Forcible entry and detainer, not maintainable, when; case stated.* This is a suit of forcible entry and detainer brought by appellee against appellant, in which

the former recovered of the latter possession of the premises, and a judgment for $400 damages for withholding said premises, etc., pending the appeal.

The basis of the suit is a written contract in relation to the premises entered into between appellant and appellee. Our construction of this contract is that it constitutes an executory sale of the premises in controversy by appellee to appellant. It does not create between the parties the relation of landlord and tenant, but the relation of vendor and vendee. Appellant went into possession of and occupied the premises under this contract, and performed some of the conditions of it, and paid appellee $50 of the purchase money. He went into possession of the premises lawfully, and was therefore not guilty of forcible entry. If guilty of anything, it must be of forcible detainer. To constitute forcible detainer the relation of landlord and tenant must exist between the parties, except in cases specially enumerated in the statute, and this case does not come within any of such exceptions. [R. S. arts. 2440, 2441, 2442; Warren v. Kelly, 17 Tex. 544.] If appellant had failed to perform the conditions of the contract appellee's remedy was either by a suit to enforce the specific performance of the contract, or by a suit to recover back the premises, and for damages. In such proceedings all the equities between the parties arising under such contract could be inquired into and adjusted. We do not think the summary and limited proceeding under our statute of forcible entry and detainer can be resorted to in such a case as this one. It is simply the case of a vendor of land undertaking to eject his vendee under the provisions of said statute. We are clearly of the opinion that the statute cannot be invoked in such a case.

December 7, 1887.          Reversed and dismissed.